651 So.2d 1286 (1995)
Glenn ROUNDTREE, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-2228.
District Court of Appeal of Florida, Third District.
March 15, 1995.
*1287 Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Paul M. Gayle-Smith, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and LEVY, JJ.
PER CURIAM.
Appellant was summarily found guilty of direct criminal contempt and sentenced to one hundred and seventy nine days in the county jail.
We find no error in the trial court's denial of counsel's request to speak for the defendant, particularly where appellant himself declined the opportunity to offer evidence on the merits of the criminal contempt or in mitigation thereof. See In re Oliver, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948); Cook v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925). While due process requirements may mandate a right to counsel, that right is not absolute.
The narrow exception to these due process requirements includes only charges of misconduct, in open court, in the presence of the judge, which disturbs the court's business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent `demoralization of the court's authority * * * before the public.'
In re Oliver, 333 U.S. at 275, 68 S.Ct. at 509, (citing Cook). See also Saunders v. State, 319 So.2d 118 (Fla. 1st DCA 1975) (no right to counsel in direct contempt proceedings).
The transcript clearly demonstrates that "all of the essential elements of the misconduct [took place] under the eye of the court, [and were] actually observed by the court." Accordingly the trial court had the power to summarily punish appellant's misconduct "to prevent demoralization of the court's authority before the public."
Affirmed.